## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FORRESTER LINCOLN MERCURY, INC.**          **No. 1:11-CV-1136**

**v.**                                                                  **JUDGE CONNER**

**FORD MOTOR COMPANY**                          **MAGISTRATE JUDGE METHVIN**

### REPORT AND RECOMMENDATION
### ON MOTION TO DISMISS
(Doc. 29)

This civil action stems from Ford Motor Company's discontinuance of the entire Mercury line-make of vehicles in 2010. Plaintiff, Forrester Lincoln Mercury, Inc., lost its Mercury franchise as a result, and filed the present action under the Pennsylvania Board of Vehicles Act ("The Act"),  Title 63 Pa. C.S. §818.1 *et seq.* This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Before the court is Ford's motion to dismiss four of the six counts contained in Forrester's amended complaint.[1] The motion has been referred to the undersigned for a Report and Recommendation and is now ripe for disposition.

---

[1] Forrester's original complaint was filed on June 15, 2011 (Doc. 1). Ford filed a motion to dismiss on July 18, 2011 (Doc. 13). Forrester filed an amended complaint on August 16, 2011 (Doc. 26), to which Ford filed another motion to dismiss on August 20, 2011 (Doc. 29). Ford filed a supporting brief on August 30, 2011 (Doc. 30). Forrester filed a brief in opposition to the motion on September 19, 2011 (Doc. 36), to which Ford filed a reply brief on October 3, 2011 (Doc. 38). Ford also filed an answer to those parts of the complaint on which it did not move for dismissal (Counts III and V). (Doc. 28).

2

# FINDINGS AND RECOMMENDATIONS

## I. Background

For purposes of this analysis, Forrester's factual averments will be accepted as true and are construed in the light most favorable to Forrester.

Forrester is a Pennsylvania corporation with a principal place of business located in Chambersburg, PA. (Doc. 26, ¶ 1.) Ford is a car manufacturer. (*Id*. at ¶ 2.) Forrester has had an auto dealership in its current location for 45 years, and has been owned by two generations of Forresters. (*Id*. at ¶ 7.) Forrester operates under a franchise agreement ("Dealer Agreement") with Ford for sales and service of Mercury and Lincoln vehicles. (*Id*. at ¶ 5.) Forrester has been in compliance with its franchise agreements at all times, and has invested significant capital into its franchises for facility enhancements, training, and advertising. (*Id*. at ¶ 9). Forrester recently acquired and renovated an adjacent building to expand its new vehicle operation, and has operated from the expanded facility and showroom with Ford's knowledge and approval. (*Id*. at ¶ 9). Forrester acted under the "assumption that its franchises would continue, perpetually." (*Id*.)

On June 2, 2010, Ford notified Forrester that it would terminate the Mercury franchise agreement as a result of Ford's decision to discontinue the Mercury brand and focus on the Lincoln and Ford brands. (*Id*. at ¶¶ 13, 14). Pursuant to the

franchise agreement, Forrester formally appealed the franchise termination to the Ford Policy Board. (*Id*. at ¶ 16). The Ford Policy Board concluded it lacked jurisdiction to reverse the determination or to consider state law claims regarding the franchise termination. (*Id*.).

Forrester thereafter filed the present action, asserting that Ford violated various provisions of state law governing the relationship between vehicle manufacturers and dealers. *See* 63 Pa.C.S.A. § 818.1 *et seq*.

## II. Issues Presented

Ford seeks dismissal of Counts I, II, IV and VI of the amended complaint on the following grounds:

A.  Counts I and IV should be dismissed because the statutory provisions cited by Forrester (§§ 818.13 and 818.18) do not apply to line-make terminations.

B.  Count II of the amended complaint should be dismissed because the statutory provision upon which it is based (§ 818.14) provides an exception to line-make terminations.

C.  Count VI should be dismissed because § 818.29 does not provide an independent cause of action and is subsumed into other counts.

## III. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted. When

4

considering a motion to dismiss, the court must "accept all [of plaintiff's] factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). *See also Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1322–23 (2011).

The complaint must set forth sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The question is not whether the plaintiff will ultimately prevail, but whether the "complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002)).

Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must do more than present "bald assertions" and "legal conclusions." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels

and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Twombly*, 550 U.S. at 545 (citations omitted). Plaintiffs must nudge their claims "across the line from conceivable to plausible." *Id.* at 570. *See also Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

A plaintiff "armed with nothing more than conclusions" is not entitled to discovery. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" and the complaint should be dismissed. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

The "plausible grounds" requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. *Twombly*, 550 U.S. at 556. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (*citing Twombly*, 550 U.S. at 557–58).

6

Inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. Discussion

### A.  Do §§ 818.13 and 818.18 apply to line-make terminations?

In Count I, Forrester contends that Ford violated § 818.13 of the Act when it terminated Forrester's Mercury franchise "unfairly, without due regard to the equities . . . and without just cause." 63 Pa. C.S. § 818.13(a). In Count IV, Forrester contends that Ford violated § 818.18 when it failed to reimburse Forrester's facility rental costs.

Ford contends that neither § 818.13 nor § 818.18 apply to line-make terminations, and that such terminations are governed by § 818.14 of the Act, which addresses "Industry Reorganization."[2]

---

[2]  In fact, as discussed *infra*, Forrester's Count II pleads a cause of action under §818.14.

7

A fair reading of the statute shows that § 818.14 governs, *inter alia*, the termination of dealer franchises "in connection with the termination, suspension or cessation of all or any part of the manufacturer's or distributor's business operations . . ." Title 63 Pa. C.S. § 818.14(a)(1)(ii).

Section 818.13, on the other hand, generally applies to dealer franchise terminations based upon the dealer's conduct, such as poor sales performance or customer service. It provides that a manufacturer must have "just cause" for such terminations, defined as "[a] material breach by a vehicle dealer or distributor, due to matters within the dealer's or distributor's control, of a reasonable and necessary provision of an agreement if the breach is not cured within a reasonable time after written notice of the breach has ben received from the manufacturer or distributor." 63 Pa. C.S § 818.2.

As Ford correctly points out, Forrester cannot proceed under both §§ 818.13 and 818.14, because "applying a 'just cause' requirement to a line-make termination would produce an absurd result." (Doc. 38, at 2). In instances where a manufacturer discontinues an entire line-make of vehicle, the dealer's conduct is irrelevant to termination of a franchise: the franchise ends because there are no more cars being made of that type.

Furthermore, § 818.13 by its own terms seems to exclude line-end terminations which would fall under § 818.14. The applicable provision states as follows:

> **(e) Burden of proof and just cause terminations on appeal**.--In the event of a dealer or distributor appeal of the termination or failure to renew of its franchise, the burden of proof shall be on the manufacturer or distributor to show that such termination or failure to renew was for just cause. *Any termination or failure to renew which is subject to section 14 shall not be subject to this subsection.*

63 Pa. C.S. § 818.13(e)(italics supplied).

Forrester contends that the subject language applies only to burden of proof which is the subject of "subsection" (e); that if it was intended to apply to § 818.13 as a whole, it would have said "section." However, this is unpersuasive. It is true that the statute seems to contain inconsistencies in its use of the terms "section," "subsection," and "paragraph."[3] However, a fair reading of the statute indicates that if a dealer termination is the result of an industry reorganization, then

---

[3] As an example, § 818.12(b)(4) states, in pertinent part, "[i]f the relocation involves dualing of two or more franchises, the requirements of ***subsection (a)(6)(ii) and (iii) shall apply*** and ***paragraph (5)*** shall not apply." This suggests that "subsection" is a sub-part of a "paragraph." But in § 818.11, the term "section" indicates numbered statutory division of the Act, e.g. § 818.11, "subsection" refers to the lettered parts of the section, e.g., § 818.11(a), and "paragraph" refers to numbered parts of a subsection, e.g. § 818.11(a)(1). *See also* examples in Forrester's Brief in Opposition, Doc. 36, at 6.

9

§ 818.14 applies, and an additional showing of "just cause" is not required under § 818.13.

Inasmuch as the present factual averments of the amended complaint articulate a line-make termination of Ford's Mercury brand, § 818.13 is inapplicable. Count I, therefore, in which Forrester contends Ford's termination lacked just cause under § 818.13, fails to state a claim under the facts as pled. It should, accordingly, be dismissed.

Ford further asserts that Count IV, in which Forrester seeks reimbursement for rental costs, likewise fails to state a claim given the fact that a line-make termination is governed by § 818.14, and there is a specific exception stated for such cases in § 818.18(a). The latter provision states:

> **(a) Reimbursement of rental costs.**--In the event of a termination or nonrenewal under this act, ***except for termination or nonrenewal under section 14,*** the manufacturer or distributor shall, at the request and option of the new vehicle dealer, also pay to the new vehicle dealer:
>
>> (1) a sum equivalent to rent for the unexpired term of the lease or one year, whichever is less, or such longer term as provided in the franchise, if the new vehicle dealer is leasing the new vehicle dealership facilities from a lessor other than the manufacturer or distributor; or
>>
>> (2) the sum equivalent to the reasonable rental value of the new vehicle dealership facilities for one year or until the facilities are leased or sold, whichever is less, if the new vehicle dealer owns the new vehicle dealership facilities.

63 Pa.C.S. § 818.18(a) (emphasis added).

As discussed, subsection 14 is the applicable statutory provision to line-make terminations as alleged in the amended complaint. The unambiguous language of § 818.18 exempts from its application terminations under § 818.14. Consequently, § 818.18 is inapplicable to the present facts as averred in the amended complaint and, therefore, dismissal of Count IV is warranted.

*B. Should Count II, which is based on § 818.14 be dismissed due to statutory exception for nationwide termination of an entire line-make?*

Ford next contends that Count II is subject to dismissal because § 818.14 itself contains an exception for instances where a manufacturer discontinues an entire line of vehicles across the country. The relevant language provides:

(a) Violation.--

(1) It shall be a violation of this act for a manufacturer or distributor directly or indirectly or through any officer, agent or employee to terminate or fail to renew a franchise of a new vehicle dealer in connection with:

   (i) any change in ownership or control of all or any part of the manufacturer's or distributor's business whether by sale or transfer of assets, corporate stock or other equity interest; assignment; merger; consolidation; combination; joint venture; redemption; operation of law; or otherwise; or

   (ii) the termination, suspension or cessation of all or any part of the manufacturer's or distributor's business operations *except for a*

> *termination of a part of the manufacturer's or distributor's business*
> *operations throughout the United States that is not otherwise part of*
> *any change in ownership or control of the manufacturer's or*
> *distributor's business.*

63 Pa. C.S. §818.14 (emphasis supplied).

Ford contends the quoted language means that no cause of action can be stated under section 14 for termination of the Mercury line "throughout the United States," since Forrester does not allege, nor is there any evidence to indicate, that Ford is undergoing a "change in ownership or control." *Id.*

Forrester contends that the question of whether the exception of § 818.14 is applicable cannot be presently resolved because it raises issues of material fact, *to wit.*, whether the discontinuation of the Mercury line represents a termination of Ford's business operations within the U.S. not otherwise part of a change in ownership or control. However, Ford argues that such an inquiry, and the application of the exception, does not require factual inquiry beyond the scope of a motion to dismiss. Rather, it maintains that Forrester has the burden of pleading that the discontinuance of the line-make was part of a change in ownership or control for the exception to be inapplicable. Having failed to allege this in the pleadings, Ford maintains, Forrester is precluded from asserting it in its brief in opposition to the motion to dismiss. Such a position is persuasive. Indeed,

Forrester concedes that the discontinuance of the Mercury line-make constitutes a termination under § 818.14. (Doc. 26, ¶ 43). However, the amended complaint does not assert the termination was associated with any change in ownership or control, which circumstances are necessary to render a franchise termination, not accompanied by an offer of either a replacement franchise or compensation equivalent to the fair market value of the franchise, unlawful. Forrester has, consequently, failed to state a claim under § 818.14 and it is recommended, therefore, that the motion to dismiss be granted as to Count II.

### C. Does Forrester have a claim for relief under §818.29?

Finally, Ford challenges the sufficiency of Count VI which is based upon § 818.29 of the Act. Ford argues that this section does not provide a separate and independent cause of action under the Act, and that "if Forrester is unable to establish a violation of the Act under the other counts asserted in the Complaint, then Count VI, and any claim for relief, necessarily fails." (Doc. 30, at 6).

Section 818.29 of the Act appears to be a "catch-all" provision providing standing to any person "who is or may be injured" by a franchise provision, or proposed provision, which violates the Act. It provides:

> Notwithstanding the terms, provisions or conditions of any agreement or franchise or other terms or provisions of any novation, waiver or other written instrument, any person who is or may be injured by a

13

> violation of a provision of this act of (sic, "*or*")[4] any party to a
> franchise who is so injured in his business or property by a violation
> of a provision of this act relating to that franchise, or any person so
> injured because he refuses to accede to a proposal for an arrangement
> which, if consummated, would be in violation of this act, may bring
> an action for damages and equitable relief, including injunctive relief,
> in any court of competent jurisdiction.

63 Pa.C.S. § 818.29.

Forrester contends that dismissal of Count VI is not warranted because even if Ford is successful in obtaining dismissal of Counts I, II and IV, Ford has not moved to dismiss Counts III or V, and therefore dismissal of the "catch-all" provision of Count VI would be premature.

Indeed, Count III of the amended complaint alleges that Ford has failed to offer an adequate compensation package as required under § 818.17 of the Act, and Count V alleges that Ford is "starving" Forrester of Lincoln vehicles — which have not been discontinued — in violation of § 818.12(b)(12) of the Act (making it a violation for a manufacturer to "[o]perate a system for the allocation of new vehicles which is not reasonable or fair . . .").

Ford does not seek dismissal of Counts III or V of the amended complaint, and those counts will proceed. Accordingly, Forrester has alleged sufficient facts to state a claim under § 818.29, and dismissal of Count VI would be premature.

---

[4] *See Rosado v. Ford Motor Co.*, 337 F.3d 291, 294, n1 (3d Cir. 2003).

14

## V. Recommendation

For the foregoing reasons, it is respectfully recommended that the motion to dismiss (Doc. 29) be granted in part and denied in part. Specifically, it is recommended that the motion be granted as to Counts I, II and IV and denied as to Count VI.

Signed February 24, 2012.

_____
MILDRED E. METHVIN
U. S. MAGISTRATE JUDGE