IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FORRESTER LINCOLN MERCURY, INC.,** | : CIVIL ACTION NO. 1:11-CV-1136 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **FORD MOTOR COMPANY**, | : |
| Defendant | : |

## **MEMORANDUM**

In 2010, defendant Ford Motor Company discontinued its line of Mercury-brand vehicles. This discontinuance caused plaintiff Forrester Lincoln Mercury, Inc., to lose its Mercury franchise, which it had held for over four decades. Prompted by this loss, Forrester filed the complaint in the instant action on June 15, 2011. (Doc. 1.) The complaint, as amended on August 16, 2011, sets forth six claims under the Pennsylvania Board of Vehicles Act, 63 PA. STAT. §§ 818.1 to 818.37. (Doc. 26.) Two weeks later, Ford moved to dismiss Counts I, II, IV, and VI of the amended complaint under FED. R. CIV. P. 12(b)(6). (Doc. 29.)

Upon referral of Ford's motion to dismiss, Magistrate Judge Methvin issued a Report and Recommendation (R&R) (Doc. 43) recommending that the motion be granted as to Counts I, II, and IV and denied as to Count VI. Objections to the R&R's conclusions regarding Counts I, II, and IV, and responses thereto, have been filed. (Docs. 44, 48, 49, 52.) For the reasons set forth below, the court will adopt the R&R in part and reject it in part.[1]

---

[1] The court has also reviewed the portions of the R&R regarding Count VI of the complaint for clear error and has found none. Hence, the court adopts this portion of the R&R without further discussion.

**I.   Background**[2]

The facts as set forth herein are recounted only to the extent necessary for resolution of the objections to the R&R.

For the past forty-five years, two generations of Forresters have operated an auto dealership at the same location in Chambersburg, Pennsylvania. (Doc. 26, ¶¶ 1, 7.) The dealership operated under a franchise agreement with Ford,[3] which is a "manufacturer" under section 818.2 of the Board of Vehicles Act, for the sale and service of Mercury and Lincoln Vehicles. (Id. ¶¶ 2, 5.)

On June 2, 2010, Ford notified Forrester that it would terminate the Mercury franchise agreement following Ford's decision to discontinue the Mercury brand and focus on its other brands, Ford and Lincoln. (Id. ¶¶ 13, 14.) As required by the provisions of the franchise agreement, Forrester appealed the franchise termination to the Ford Policy Board. (Id. ¶¶ 15–16; see also Doc. 26-1, at 28 ¶ 18(b) (requiring

---

[2] Following the standard of review for a motion to dismiss under Rule 12(b)(6), the complaint's well-pleaded factual allegations are taken as true, except where controverted by an opposing affidavit. See infra Parts II.B, III. Although the Federal Rules demand no "detailed" averments of fact in a complaint, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Those portions of the complaint that demonstrate the shortcomings disapproved of in Iqbal are disregarded. See Santiago v. Warminster Twp., 629 F.3d 121, 130–31 (3d Cir. 2010) (applying Iqbal in giving no presumption of truth to mere "conclusions").

[3] Ford is a Delaware corporation with a principal place of business in Michigan. (Doc. 26, ¶ 2.)

appeals to the Board).)[4] The Board, however, concluded that it lacked jurisdiction to reverse the termination or to consider related state-law claims. (Doc. 26, ¶ 16.)

Following the Board's decision, Forrester initiated the instant action under the Board of Vehicles Act, alleging that Ford violated several provisions governing the relationship between vehicle manufacturers and dealers. (See generally id. ¶¶ 36–70 (setting forth the six counts of the complaint).)

## II. Applicable Standards of Review

### A. For a Magistrate Judge's Report and Recommendation

Parties' objections to a magistrate judge's report and recommendation impel the court to perform a de novo review of the contested portions of the report. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(c)). Federal and local rules require such a review of a report and recommendation only when a party files "written objections [that] specifically identify the portions" of the findings or recommendations "to which objection is made and the basis for such objections." L.R. 72.3; see FED. R. CIV. P. 72(b)(3). When the parties have registered either no objections or only "general" objections, "the district court need only review the record for plain error or manifest injustice." Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (citing Garcia v. I.N.S., 733 F. Supp. 1544, 1555 (M.D. Pa. 1990)).

---

[4] The franchise agreement also provided that "[a]ppeal to the Policy Board shall be a condition precedent to the Dealer's right to pursue any other remedy available under this agreement or otherwise available under law." (Doc. 26-1, at 28 ¶ 18(b).)

3

**B.     For a motion to dismiss under FED. R. CIV. P. 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556

U.S. 662, 129 S. Ct. 1937, 1947 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. at 1950 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 662, 129 S. Ct. at 1949. When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000).

**III.   Discussion[5]**

Forrester presents three objections to Magistrate Judge Methvin's R&R. First, Forrester objects to the R&R's conclusion that section 818.13 of the Act excludes line-make terminations that would fall under section 818.14. Second,

---

[5] Subject-matter jurisdiction in this case is based on diversity of citizenship. Accordingly, Pennsylvania law applies to the parties' substantive claims, with the state's Supreme Court decisions binding on this court and the Superior Court decisions nonbinding but persuasive. State Farm Fire & Cas. Co. v. Estate of Mehlman, 589 F.3d 105, 107 n.2 (citing Jewelcor Inc. v. Karfunkel, 517 F.3d 672, 676 n.4 (3d Cir. 2008)); Norfolk S. Ry. Co. v. Basell USA Inc., 513 F.3d 86, 91–92 (3d Cir. 2008).

Forrester contends that section 818.14 does not bar its claim under section 818.18. Finally, Forrester objects to the R&R's conclusion that the factual allegations in the complaint fail to render Forrest's section 818.14 claim plausible.

Before addressing these objections seriatim, it is worth noting that neither party contends that any portion of the Board of Vehicles Act relevant to the instant dispute is ambiguous. The parties also agree that Ford's discontinuance of its Mercury brand constitutes a line-make termination. The parties' disagreement lies in the plain meaning of the statutory terms and how they apply to the facts as alleged in the complaint.

### A. Whether 63 PA. STAT. § 818.13 excludes line-make terminations that would fall under § 818.14

#### 1. Statutory language in issue

When terms of a statute are relevant to an issue before the court, the threshold inquiry lies with the pertinent statutory language. Section 813.13 of the Board of Vehicles Act, entitled "Termination of franchises," provides in part:

> **(a) Terminations.**—It shall be a violation of this act for any manufacturer . . . to unfairly, without due regard to the equities of said dealer and without just cause, terminate . . . the franchise of any vehicle dealer . . . .
>
> . . . .
>
> **(e) Burden of proof and just cause terminations on appeal.**—In the event of a dealer or distributor appeal of the termination . . . of its franchise, the burden of proof shall be on the manufacturer or distributor to show that such termination or failure to renew was for just cause. Any termination or failure to renew which is subject to section 14 shall not be subject to this subsection.

63 Pa. Stat. § 813.13 (footnote omitted). The omitted footnote follows the text in the last-quoted sentence reading "[a]ny termination or failure to renew with is subject to section 14"; the footnote reads, in its entirety, "63 P.S. § 818.14." Section 814.14, in turn, is titled "Industry reorganization" and reads in part:

> **(a) Violation.—**
>
> > (1) It shall be a violation of this act for a manufacturer . . . to terminate or fail to renew a franchise of a new vehicle dealer in connection with:
> >
> > > (i) any change in ownership or control of all or any part of the manufacturer's or distributor's business . . . ; or
> > >
> > > (ii) the termination, suspension or cessation of all or any part of the manufacturer's . . . business operations except for a termination of a part of the manufacturer's . . . business operations throughout the United States that is not otherwise part of any change in ownership or control of the manufacturer's or distributor's business.
>
> . . . .
>
> **(b) Acts affecting franchise.—**For purposes of subsection (a), the termination or discontinuation of a series, line, brand or class of new vehicle marketed by a manufacturer or distributor as a distinct series, line, brand or class shall be deemed to be the termination or nonrenewal of a franchise . . . .

Id. § 818.14.

### 2. The Magistrate Judge's interpretation

Reading these provisions of the Act together, Magistrate Judge Methvin concluded that section 813.13 "by its own terms seems to exclude line-end terminations" that fall under section 813.14. (Doc. 43, at 8.) In explaining this conclusion, the magistrate referred to the language of 63 PA. STAT. 813.13(e) reading: "Any termination or failure to renew which is subject to section 14 shall

7

not be subject to this subsection." (Doc. 43, at 8 (citing 63 PA. STAT. 813.13(e).) She rejected Forrester's contentions that, first, the above-quoted language applied only to the burden-of-proof provision in 63 PA. STAT. 813.13(e), and second, that if the Pennsylvania legislature had intended the exclusion set forth in that provision of the Act to apply to all of section 813.13, the above-quoted language would have read ". . . shall not be subject to this *section*" rather than "this *subsection*." She observed "that the statute seems to contain inconsistencies in its use of the terms 'section,' 'subsection,' and parargraph," and reasoned that "a fair reading of the statute indicates that if a deal termination is the result of an industry reorganization, then § 818.14 applies, and an additional showing of 'just cause' is not required under § 818.13." (Doc. 43, at 8–9.)

The magistrate judge also agreed with Ford's contention that "applying a 'just cause' requirement to a line-make termination would produce an absurd result," remarking that when a manufacturer discontinues an entire line-make of vehicle, "the [manufacturer]'s conduct is irrelevant to termination of a franchise: the franchise ends because there are no more cars being made of that type." (Id. at 7 (quoting Doc. 38, at 2).) In summation, she determined that to the extent that the amended complaint "articulate[s] a line-make termination of Ford's Mercury brand, § 818.13 is inapplicable." (Id. at 9.)

The court cannot agree with the magistrate judge's interpretation of 63 PA. STAT. § 818.13(e), the reasoning in support of which contains two fatal flaws.

8

### 3. **The plain meanings of "section" and "subsection" preclude them from being treated as interchangeable or equivalent**

First, it is axiomatic that when statutory language is unambiguous, the statute's terms are taken to have their plain and ordinary meaning. Pa. Fin. Responsibility Assigned Claims Plan v. English, 664 A.2d 84, 87 (Pa. 1995); Dep't of Transp. v. Taylor, 841 A.2d 108, 112 (Pa. 2004) (quoting 1 PA. CONS. STAT. ANN. § 1903)). The magistrate's conclusion—that the language in section 818.13(e) renders the whole of section 818.13 inapplicable when a franchise termination results from a manufacturer's line-make termination—is predicated on a conflation of the words "section" and "subsection," which are plainly different words, and have plainly different meanings. A "section" is "a distinct part or portion of something written," whereas a "subsection" is "a subdivision or a subordinate division of a section."[6] (Doc. 44, at 19 (quoting MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (10th ed. 1999).) See also P.R. v. Pa. Dep't of Pub. Welfare, 759 A.2d 434, 437 (Pa. Commw. Ct. 2000) (citing Hoffman v. Kline, 150 A. 889, 891–92 (Pa. 1930); Contas v. City of Bradford, 55 A. 989 (Pa. 1903); Dep't of Labor & Indus. v. Unemp't Comp. Bd., 199

---

[6] Other dictionaries maintain similar distinctions between the two terms. According the Cambridge Dictionary of American English, a "section" is "a part of something" and a "subsection" is "one of the smaller parts into which the main parts of a document or organization are divided." Cambridge Dictionaries Online, http://dictionary.cambridge.org/. The Oxford Dictionary provides "any of the more or less distinct parts into which something is or may be divided or from which it is made up" and "a division of a section" respectively. Oxford Dictionaries *Pro*, http://english.oxforddictionaries.com/.

A.2d 474, 478 (Pa. Super. 1964)) (endorsing the use of dictionaries to determine plain meaning of statutory terms when not otherwise defined).

The plain and plainly different meanings of "section" and "subsection" require that they be accorded their respective meanings. In the context of the instant dispute, 63 PA. STAT. § 818.13(e) must be read as creating an exception that applies only to subsection (e) rather than the entirety of section 818.13, a reading that the words of the statute compel. 63 PA. STAT. § 818.13(e) ("Any termination or failure to renew which is subject to section 14 shall not be subject to this subsection.")

### 4. Section 818.13(e) is limited by its title to *appeals* of franchise terminations, whereas the remainder of section 818.13 applies regardless of whether a franchise termination is appealed

Second, in Pennsylvania, "[t]he title and preamble of a statute may be considered in the construction thereof." 1 Pa. Cons. Stat. Ann. § 1924. Although section headings "shall not be considered to control" the meaning of the statute, they "may be used to aid in the construction thereof." Id. Accord City Stores Co. v. City of Phila., 103 A.2d 664, 667 (Pa. 1954) (citing In re Beechwood Ave., 45 A. 127, 128 (Pa. 1899); Duquesne Light Co. v. City of Pittsburgh, 97 A. 85, 87 (Pa. 1916); People's Natural Gas Co. v. City of Pittsburgh, 175 A. 691, 693 (Pa. 1934)) ("The title is always a part of a statute or ordinance and, as such, must be considered in construing the enactment.").

The heading of the statutory subsection relevant to the instant discussion, 63 PA. STAT. § 818.13(e), is "Burden of proof and just cause terminations on appeal." Those last two words—"on appeal"—have hitherto been entirely undiscussed and unmentioned. Yet their significance renders their discussion necessary: a plain reading of the heading of subsection 818.13(e) limits the applicability of that subsection to appeals of franchise terminations.[7]

When reading the whole of section 818.13 in the context of the rest of the statutory scheme, it is apparent that section 813.13 applies to any termination of a franchise, regardless of the reason, and subsection 818.13(e) comes into play only when a franchisee is appealing a franchise termination to the Pennsylvania Board of Vehicles.

### B. Whether 63 Pa. Stat. § 818.14 bars Forrester's § 818.18 claim

Section 818.18 provides in part: "**(a) Reimbursement of rental costs.**—In the event of a termination or nonrenewal under this act, except for termination or nonrenewal under section 14, the manufacturer or distributor shall, at the request

---

[7] It bears mentioning that Forrester did "appeal" the termination of his franchise to the Ford Policy Board, as the franchise agreement with Ford required him to do as a prerequisite to pursuing any other remedy, judicial or otherwise. But case law applying the Board of Vehicles Act makes clear that this kind of appeal is not the sort of appeal to which section 818.13(e) refers. Rather, section 818.13(e) applies to appeals to the Pennsylvania Board of Vehicles, not internal corporate appeals. See Rinaldi v. Bd. of Vehicle Mfrs., 843 A.2d 418 (Pa. Commw. Ct. 2004); Subaru v. State Bd. of Vehicle Mfrs, Dealers, & Salespersons, 842 A.2d 1003 (Pa. Commw. Ct. 2004); Univ. Lincoln Mercury, Inc. v. Pa. Bd. of Vehicle Mfrs., Dealers & Salespersons, 576 A.2d 1146 (Pa. Commw. Ct. 1990); C. Earl Brown, Inc. v State Bd. of Vehicle Mfrs., Dealers, & Salespersons, 555 A.2d 314 (Pa. Commw. Ct. 1989).

and option of the new vehicle dealer, also pay to the new vehicle dealer" a sum in an amount varying under the particular circumstances of the termination or nonrenewal in question. As the magistrate judge concluded, the plain language of section 818.18 excludes any termination or nonrenewal subject to section 818.14. Accordingly, and as Forrester concedes, a dealer whose franchise was terminated could not recover under both sections.

Yet the discussion does not end there. Forrester is correct that parties may plead for relief under alternative theories. Pleadings under alternative theories may be plausible, and thus sufficient to withstand a motion to dismiss, even if one or both theories of recovery both ultimately fail, either because the ultimate fact-finder is unconvinced that either theory has been proven or because the proof of one theory necessarily excludes recovery under the alternative theory. Such alternative pleadings are common, encouraged, and employed as a matter of general practice in modern civil litigation.

It is undisputed that Forrester's franchise was terminated. Termination of a franchise invariably indicates that section 818.18 may apply, and that it does apply, unless the termination is one that falls within the ambit of section 818.14. Since the factual sufficiency of Forrester's pleadings have only been put in issue by Ford's motion to dismiss on the question of whether Forrester has pleaded facts that would show a violation of section 814.14, the court cannot agree that Forrester's section 818.18 claim should be dismissed when the facts establishing a claim under that section have inarguably been sufficiently alleged but the facts establishing the

applicability of the *exception* to section 818.18 have neither been admitted by Ford nor sufficiently alleged.[8]

### C. Whether the allegations in the complaint fail to make Forrester's section 818.14 claim plausible

The statutory language of section 818.14 has already been set forth in Part III.A supra, and all parties agree that this section is violated only when the termination of a franchise is part of a "change in ownership or control" of the manufacturer's business. 63 PA. STAT. § 818.18(a)(1)(i), (ii). The magistrate judge concluded that Forrester's complaint failed to set forth facts sufficient to render plausible the claim that Ford's line-make termination of its Mercury brand was associated with any change in ownership or control, necessitating dismissal of Count II of the complaint.

Forrester objects that under Section 818.18(a)(1)(i), a change in ownership or control may be evidenced by "sale or transfer of assets, corporate stock or other other equity interest; assignment, merger, [or] consolidation," and that in the franchise-termination notice that Ford sent to Forrester, Ford indicated that "[d]iscontinuing Mercury will allow Ford Motor Company to fully devote its

---

[8] The R&R points out that Forrester's amended complaint contains an allegation that the discontinuance of the Mercury line-make constitutes a termination for the purposes of section 818.14. (Doc. 43, at 12 (citing Doc. 26, ¶ 43).) However, a discontinuance of a line of vehicles may constitute a line-make termination within the meaning of section 818.14 yet still not trigger the remedial provisions of section 818.14. See 63 Pa. Stat. 818.14(a)(1)(i), (ii) (indicating that the Board of Vehicles act is violated per section 818.14 only if a failure to renew a franchise is part of a change in the manufacter's ownership or control of its business).

13

financial, product development, marketing, sales and service resources toward further growing" its Ford and Lincoln brands. (Doc. 44, at 27 (citing Doc. 26-2, at 1).) According to Forrester, this language from the franchise-termination letter constitutes evidence that the Mercury line-make termination was part of a "transfer of assets" thorough a merger, consolidation, or combination. However, this is a strained reading of the statute, and even viewing Forrester's allegations in the light most favorable to it, the cited language from the franchise-termination letter does not make plausible a claim that the line-make termination was part of a change in Ford's ownership or control.

A merger is not just a reallocation of funds within an existing company; it is the "absorption of one company . . . that ceases to exist into another that retains its own name and identity and acquires the assets and liabilities of the former" or a consolidation of "unrelated businesses that are neither competitors nor customers or suppliers of each other." Black's Law Dictionary 1002 (7th ed. 1999). The mere reallocation of funds within a singular business entity does not constitute a change in ownership or control. The court therefore agrees with the magistrate judge that Count II of the complaint should be dismissed. The court further concludes that leave to amend Count II would be futile despite Forrester's insistence to the contrary, as nothing that Forrester has presented to the court through evidence or argument has hinted at any change of ownership or control—all indications are that Ford has merely reallocated its funds, not altered its corporate control structure, acquired or sold subdivisions of the company, or otherwise altered the form of its

14

business. Ford's termination of the Mercury line-make of vehicles is no more a change in Ford's ownership or control than if Crayola decided to stop making orange crayons.

## IV. Conclusion

The court will adopt the magistrate judge's recommendation to grant Ford Motor Company's motion to dismiss Count II of the complaint and to deny the motion to dismiss Count VI. The R&R is rejected in all other respects. An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: May 10, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FORRESTER LINCOLN MERCURY, INC.,** : | CIVIL ACTION NO. 1:11-CV-1136 |
| : | |
| : | **Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **FORD MOTOR COMPANY,** : | |
| : | |
| **Defendant** : | |

## **ORDER**

AND NOW, this 10th day of May, 2012, upon consideration of the report of the magistrate judge (Doc. 43), wherein the magistrate judge recommends granting defendant's motion to dismiss (Doc. 29) as to Counts I, II, and IV of the complaint and denying the motion as to Count VI of the complaint, filed by defendant First Priority Bank, and upon further consideration of the parties' objections thereto (Docs. 44, 48, 49, 52), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 43) is ADOPTED in part and REJECTED in part as follows:

    a. ADOPTED with respect to the claim under 63 PA. STAT. § 818.14.

    b. ADOPTED with respect to the claim under 63 PA. STAT. § 818.29.

    c. REJECTED with respect to the claims under 63 PA. STAT. §§ 818.13 and 818.18.

2. Defendant's motion to dismiss (Doc. 29) is GRANTED in part and DENIED in part as follows:

    a.    The motion is GRANTED as to the claim under 63 PA. STAT. § 818.14, and Count II of the amended complaint (Doc. 26) is DISMISSED with prejudice.

    b.    The motion is DENIED in all other respects.

                                    S/ Christopher C. Conner
                                  CHRISTOPHER C. CONNER
                                  United States District Judge